IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ,<br><br>                  Petitioner,<br><br>     vs.<br><br>MICHAEL MARTEL, Warden (A), Mule Creek State Prison,<br><br>                  Respondent. | No. 2:08-cv-00512-JWS<br><br>STAY ORDER |

       At Docket No. 10 this Court issued its Order to Show Cause why this matter should not be stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392. At Docket No. 11 Petitioner Jose Chavez, a state prisoner appearing *pro se*, opposed staying this matter. Respondent has not timely responded to the Order to Show Cause

       In his petition Chavez raises a single issue: his due process rights were violated when the parole board denied him parole based solely on the facts of the underlying conviction. In opposing entry of an order staying this action Chavez contends that the "some evidence" rule enunciated in *Superintendent v. Hill*,[1] a prison disciplinary case, sets the minimum standard for determining whether due process has been satisfied. The Court agrees. That is not, however, the issue before this court. The issue before this Court is whether reliance on the underlying commitment offense alone violates the Due Process Clause of the Fourteenth Amendment.

       This Court is not unmindful of the decision of the California Supreme Court in *In re Lawrence*,[2] which strongly supports Chavez's position. This Court cannot, however, grant relief

---

[1] 472 U.S. 445, 457 (1985).

[2] 190 P.3d 535 (Cal. 2008); *see also In re Shaputis*, 190 P.3d 573 (Cal. 2008).

unless the decision of the state court being reviewed in this case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5] Whatever view the California Supreme Court may have construing Federal law, no matter how persuasive, is irrelevant in a federal habeas proceeding.[6]

Federal law concerning the extent of the reliance by the parole board on the facts of the underlying conviction constitutes a denial of due process is far from well settled. There is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[7] Due process is satisfied when the state provides for review of the inmate's file, a personal interview by the Board, and a statement of its reasons for denying parole.[8] Squarely before the en banc panel in *Hayward* is whether the *dicta* in *Biggs v. Terhune*,[9] "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the

---

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[4] *Williams v. Taylor*, 529 U.S. at 412.

[5] *Carey v. Musladin*, 549 U.S. 70, ___, 127 S.Ct. 649, 654 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, ___, 128 S.Ct. 743, 746-47 (2008) (per curiam).

[6] The Court also notes that not only was *Lawrence* decided after the final state court decision in this case, but in deciding *Lawrence*, the California Supreme Court was relying upon the California Constitution and statutes. It does not appear from the opinion or the authorities cited that it was based upon Federal law as determined by the United States Supreme Court.

[7] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)

[8] *See Greenholtz*, 442 U.S. at 15.

[9] 334 F.3d 910, 916–17 (9th Cir. 2003)

system and could result in a due process violation," is, or should be, the *Federal law* of the circuit. Whatever the decision reached in *Hayward* may be, this Court will be bound by that decision,[10] not the decision of the California Supreme Court in *Lawrence*.

The Court is also not unmindful of the potential adverse impact that staying this action may have on Chavez. On the other hand, any ruling in his favor by this Court more likely than not would be appealed to the Ninth Circuit, which is itself holding cases in abeyance pending the decision in *Hayward*.

IT IS THEREFORE ORDERED THAT this matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

Dated: January 2, 2009.

                                  s/ John W. Sedwick
                                  JOHN W. SEDWICK
                                  United States District Judge

---

[10] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir.2003) (en banc).